# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER A. JANSEN f/k/a/ CHRISTOPHER JANKOWSKI, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 06 C 2700 Wayne R. Andersen |
| AMERICAN EXPRESS CORPORATION, a New York for-profit corporation, | ) ) ) ) | District Judge |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on defendant American Express Corporation's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. For the following reasons, we grant the motion.

## BACKGROUND

On August 31, 2007, plaintiff Christopher A. Jansen filed this third amended complaint alleging fraud and breach of contract by American Express. He invoked jurisdiction pursuant to 28 U.S.C. § 1332 on the basis of diversity of citizenship, alleging that the amount in controversy exceeded $100,000.

Plaintiff sought class action status in previous iterations of this suit, including a state court action he filed in November 2003 and then voluntarily dismissed, and his original federal court action, filed on May 16, 2006. In both the state court action and in the original complaint filed in this court, plaintiff said he was not seeking "individual compensatory damages in excess of $65,000." This court dismissed plaintiff's first

1

amended complaint on May 15, 2007, finding that plaintiff had not satisfied by a preponderance of the evidence the jurisdictional requirements of the Class Action Fairness Act of 2005 (CAFA), namely that the amount in controversy exceeded five million dollars and that the proposed class had 100 or more members. We denied plaintiff's motion for leave to file a second amended complaint but granted him permission to file this third amended complaint.

Plaintiff's allegations in his third amended complaint are similar to those in his previous complaints and stem from a purchase he made in 1984 of what were purported to be limited edition, autographed lithographs of paintings by the well-known Spanish painter, Salvador Dalí. Jansen alleges that, as a premium American Express account holder, he took advantage of an offer from American Express to purchase four investment-quality, limited edition lithographs signed by Dalí. Jansen alleges that the brochure describing the lithographs characterized them as "original" works of art, "individually hand-numbered," and "individually pencil signed by Dalí himself." The lithographs cost $975 each or $3,510 for all four. Plaintiff purchased the set for $3,510.

Plaintiff alleges that he relied on American Express's representations as to the authenticity of the Dalí works in deciding to purchase the lithographs. He also alleges that he expected the lithographs to appreciate in value in accordance with other investment-quality lithographs, and that the lithographs should have increased even more after Dalí's death. Plaintiff alleges, however, that after he made the purchase, American Express learned that the lithographs were fakes. He alleges that American Express never notified him that the lithographs were frauds, despite having his contact information, and that American Express claims it has no record or evidence of notifying him. Plaintiff

also alleges that American Express sold far more of the "limited edition" prints than it promised when the original offer was made.

Plaintiff alleges that he did not discover the lithographs were worthless until the summer of 2003 when he inquired at art galleries about the value of his investment and was informed that he owned "a set of those American Express frauds." Plaintiff alleges that, if the lithographs had been authentic, today they would be worth in excess of $30,000 each or more than $100,000 collectively.

## **LEGAL STANDARD**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges the subject matter jurisdiction of a complaint. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). There are two ways to challenge subject matter jurisdiction under Rule 12(b)(1): a) a challenge as a matter of law, in which the factual allegations of the complaint are assumed to be true; or b) an attack on the jurisdictional facts on which the complaint relies, in which no presumptive truthfulness attaches to plaintiff's allegations. *W. Transp. Co. v. Couzens Warehouse & Distrib., Inc.*, 695 F.2d 1033, 1038 (7th Cir. 1982).

When a defendant has properly raised a factual attack concerning the trial court's power to proceed with the action, the court is not bound to accept as true allegations in the complaint seeking to establish jurisdiction. *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979). In evaluating a Rule 12(b)(1) motion that makes a factual attack, the court may look beyond the jurisdictional allegations of the complaint to the evidence that has been submitted to determine whether, in fact, jurisdiction exists. *Id.* Moreover, the existence of issues of material fact will not preclude a court from first

evaluating the merits of the jurisdictional claims. *W. Transp.*, 695 F.2d at 1038. While the court is free to weigh the evidence and satisfy itself as to the existence of subject matter jurisdiction, the plaintiff has the burden of proof that jurisdiction exists. *Id.* Here, American Express challenges as a factual matter the basis of plaintiff's subject matter jurisdiction, attacking plaintiff's assertion that the amount in controversy exceeds $75,000.

## **DISCUSSION**

Federal district courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). American Express claims that there is no subject matter jurisdiction in this case for three reasons: a) because plaintiff has previously claimed in this court and in state court that he was not seeking more than $65,000 in compensatory damages; b) because plaintiff is not entitled to punitive damages in this action; and c) because plaintiff has not shown that he is entitled to legal fees that would enable him to exceed the minimum amount in controversy.

The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins. *Hart v. Scherin-Plough Corp.*, 253 F.3d 272, 273 (7th Cir. 2001). Generally, unless a plaintiff's amount in controversy claim is false to a "legal certainty," the amount will be taken as true for purposes of jurisdiction. *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677 (7th Cir. 2006). But when jurisdiction is challenged as a factual matter by the opposing party, the party invoking jurisdiction bears the burden of supporting its allegations by competent proof. *Meridian*

4

*Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540, 543 (7th Cir. 2006). In this case, plaintiff has not supported his allegations of jurisdiction by competent proof.

I.  **Compensatory Damages**

Plaintiff alleges in his third amended complaint that each Dalí print, if authentic, would be worth in excess of $30,000 today, and that the set of four would be worth in excess of $100,000. American Express challenged that assertion in its motion to dismiss because a) plaintiff only paid $3,510 for the four prints in 1984 and b) when plaintiff filed a state court action in November 2003 and his original federal court action in May 2006, he asserted that he was not seeking "individual compensatory damages in excess of $65,000." American Express alleged that, as a result of these previous court filings, plaintiff was estopped from claiming damages in excess of $65,000. This court, however, does not have to reach that argument because plaintiff, in his memorandum in opposition to defendant's motion to dismiss, implicitly admits that he is not seeking compensatory damages in excess of the jurisdictional minimum.

The amount in controversy that is relevant to whether subject-matter jurisdiction exists is the amount that is in dispute on the day the case begins, not some future dollar amount. *Meridian*, 441 F.3d at 538 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 293 (1938)). What happens later is irrelevant. *Gardynski-Leschuck v. Ford Motor Co.,* 142 F.3d 955, 958 (7th Cir. 1998). Plaintiff, in his memorandum in opposition to defendant's motion to dismiss, asserts that today "authentic Dalí limited edition, hand signed lithographs can easily retail for $10,000 to $15,000 or more." Next, he asserts that "consistent with that level of appreciation," his Dalí lithographs, if real, would be worth $25,000 to $30,000 if he held on to the investment "for even 30 to 35

5

years." Plaintiff concludes that "those valuations alone put [his] compensatory damages at the jurisdictional minimum."

Plaintiff's argument is fatally flawed. Plaintiff bought the lithographs in 1984. By his own math, plaintiff said he did not expect the lithographs to be worth $25,000 to $30,000 until 2014 or 2019. But for purposes of determining subject matter jurisdiction, this court is not concerned with what the lithographs might be worth in the future. *See Gardynski-Leschuck*, 142 F.3d at 958. Only the hypothetical value of the lithographs as of August 31, 2007 – the date plaintiff filed his third amended complaint – is relevant. *See Meridian*, 441 F.3d at 538. In this context, plaintiff's own math does him in again. He admits that the most expensive, signed Dalí lithograph retails today for $15,000. Others retail for between $9,000 and $12,000. Plaintiff owns four lithographs. Thus, they would be worth, at most, $60,000 today, which is well short of the jurisdictional minimum.

## II.  *Punitive Damages*

Plaintiff alleges in his third amended complaint that he is entitled to punitive damages. When punitive damages are recoverable, those damages must be considered when determining the jurisdictional amount. *Anthony v. Sec. Pac. Fin. Serv., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (internal citations omitted). A two-part inquiry is necessary when punitive damages are required to satisfy the jurisdictional requirement in a diversity case. *Id.* First the court must ask whether punitive damages are recoverable as a matter of state law. "If the answer is yes, the court has subject matter jurisdiction unless it is clear 'beyond a legal certainty that the plaintiff would under no circumstances

be entitled to recover the jurisdictional amount.'" *Id.* In this case, punitive damages would not be recoverable as a matter of state law.

Illinois law permits punitive damages in fraud cases, but "Illinois courts do not favor punitive damages and insist that plaintiffs must establish not only simple fraud but gross fraud, breach of trust, or other extraordinary or exceptional circumstances clearly showing malice or willfulness." *Europlast, Ltd. v. Oak Switch Sys., Inc.,* 10 F.3d 1266, 1276 (7th Cir. 1993) (internal quotation marks omitted) (citing *AMPAT/Midwest, Inc. v. Illinois Tool Works, Inc.*, 896 F.2d 1035, 1043 (7th Cir. 1990); *Cornell v. Langland*, 440 N.E.2d 985, 987 (Ill. App. Ct. 1982)). Furthermore, the Illinois Supreme Court has said that "[b]ecause of their penal nature, punitive damages are not favored in the law, and courts must be cautious in seeing that they are not improperly or unwisely awarded." *Europlast, Ltd.*, 10 F.3d at 1276 (citing *Deal v. Byford*, 537 N.E.2d 267, 272 (Ill. 1989); *Home Sav. & Loan Ass'n of Joliet v. Schneider*, 483 N.E.2d 1225, 1228 (Ill. 1985) (holding that deceit alone cannot support a punitive damage award, but that such damages may be allowed where the fraud is gross, or the case presents other extraordinary or exceptional circumstances clearly showing malice and willfulness)).

In this case, plaintiff admits that American Express did not learn "that the Salvador Dalí art works that it had marketed as investment quality originals were in fact worthless fraudulent fakes" until after plaintiff purchased the prints. In addition, the Federal Trade Commission never accused American Express of violating federal law in conjunction with the production, marketing, and sale of the lithographs, and there is evidence in the record that American Express refunded approximately $2.5 million to customers who purchased the Dalí prints. As such, plaintiff has not established the gross

7

fraud, breach of trust, or other showing of malice or willfulness on the part of American Express that Illinois courts require in order to collect punitive damages. *See Europlast, Ltd.*, 10 F.3d at 1276.

### III. Attorney Fees

Lastly, plaintiff asserts that the court must take attorney fees claims into account in assessing the jurisdictional minimum. "Legal fees may count toward the amount in controversy when the prevailing party is entitled to recover them as part of damages." *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998). However, only fees already incurred at the time that federal jurisdiction is invoked, *not* anticipated fees, may be counted toward the requisite amount in controversy because jurisdiction depends on the events that existed on or before the date of filing. *Gardynski-Leschuck*, 142 F.3d at 958; *Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001). In this case, plaintiff has not demonstrated that he is entitled to attorney fees that, when combined with potential compensatory damages, would exceed the minimum amount in controversy.

### CONCLUSION

Because plaintiff has not supported his allegations of jurisdiction by competent proof, and for all the aforementioned reasons, defendant's motion to dismiss for lack of subject matter jurisdiction [68] is granted.

It is so ordered.

_____
Wayne R. Andersen
District Judge

Dated: __December 6, 2007_____